IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SCOTT ALLEN CLEARY, #1139462, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:07-CV-0830-R |
| | ) | ECF |
| NATHANIEL QUARTERMAN, Director, | ) | |
| Texas Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a petition for a writ of habeas corpus brought by a state prisoner pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently confined within the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID). He is represented by retained counsel. Respondent is the Director of TDCJ-CID. The Court has not issued process in this case, pending preliminary screening.

Statement of Case: Petitioner pled guilty to aggravated sexual assault in the 265th District Court of Dallas County in Cause No. F02-25862. Punishment was assessed at forty years imprisonment. On November 6, 2003, the Court of Appeals affirmed his conviction and

sentence. *State v. Cleary*, No. 11-03-00051-CR (Tex. App. --Dallas 2003), http://www.11thCOA.courts.state.tx.us/opinions/case.asp?FilingID=6387.

Thereafter, on September 3, 2004, Petitioner filed his first application pursuant to art. 11.07, of the Texas Code of Criminal Procedure, seeking an out-of-time petition for discretionary review (PDR). *See* Attachments, Judicial Information for No. W02-25862-A, reflecting file date in top right hand corner. On March 16, 2005, the Texas Court of Criminal Appeals (TCCA) granted him leave to file an out-of-time PDR. *See Ex parte Cleary*, No. WR-60,424-01, www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=229983; *Ex parte Cleary*, No. AP-75,115, http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=233654. Petitioner filed the out-of-time PDR and the Court of Criminal Appeals refused the same on July 27, 2005. *See* No. PD-0702-05, www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=234980.

On November 2, 2006, Petitioner filed his second art. 11.07 petition. *See* Attachments, Judicial Information for No. W02-25862-B, reflecting file date in top right hand corner. On May 2, 2007, the Court of Criminal Appeals denied the second art. 11.07 writ without written order on the trial court's findings without a hearing. *Ex parte Cleary,* No. WR-60,424-02, www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=2286892.

In this federal petition, Petitioner alleges his guilty plea was involuntary, and trial counsel rendered ineffective assistance when he advised him that he could not obtain probation from a jury, failed to prepare for sentencing, allowed the prosecutor to introduce inadmissible evidence at sentencing, and failed to challenge the admissibility of Petitioner's written

statements prior to his guilty plea.[1]

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). The district court may raise the affirmative defense of the statute of limitations *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999); *see also Day v. McDonough*, 547 U.S. 198, 126 S.Ct. 1675, 1684 (2006) (district courts are permitted, but not obliged, to consider, *sua sponte,* the timeliness of a state prisoner's habeas petition in process issued cases).[2]

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts

---

[1] Counsel and Petitioner each filed a federal petition, the former on May 10, 2007, and the latter on May 11, 2007. Although separate cause numbers were assigned, the latter action was administratively closed with instructions to file the *pro se* petition in the earlier filed case. *See Cleary v. Quarterman*, 3:07cv0843-D (administratively closing case and directing that *pro se* petition be filed in 3:07cv0830-R, the action filed by counsel).
  For purposes of this recommendation, the earliest possible date on which the petition may be deemed filed is May 7, 2007, the date on which Petitioner signed the *pro se* petition, and presumably placed it in the prison mail. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).

[2] On May 21, 2007, the Court informed Petitioner of the one-year statute of limitations and granted him thirty days to show cause why the petition should not be dismissed as barred by the limitations period. Petitioner's counsel filed a response to the show cause order on June 26, 2007.

supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner alleges no state-created impediment under subparagraph (B) that prevented him from filing the federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition became known or could have become known prior to the date Petitioner's state judgment of conviction became final. Therefore, the one-year statute of limitations runs from the date Petitioner's conviction became final at the conclusion of direct review or upon the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A).

In response, to the Court's order to show cause, Petitioner argues the one-year limitations period commenced 90 days following the denial of the PDR. (*See* Pet's Response to Show Cause at 1). This contention is meritless. The Fifth Circuit Court of Appeals has specifically held that the granting of an out-of-time PDR "does not . . . restart the running of AEDPA's limitations period." *Salinas v. Dretke*, 354 F.3d 425, 430 (5th Cir. 2004). Rather, "when a petitioner convicted in the Texas system acquires the right to file an "out-of-time" PDR, the relief tolls the AEDPA's statute of limitations until the date on which the Court of Criminal Appeals declines to grant further relief." *Id.* He gives no further basis for his delay in seeking federal habeas relief.

Petitioner's conviction became final on December 6, 2003, thirty days after his conviction was affirmed on direct appeal. *See* TEX. R. APP. P. 68.2(a) (effective September 1, 1997). The one-year period began to run on December 7, 2003, the day after his conviction

became final.  *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998).  As of the filing of the first art. 11.07 application on September 3, 2004, 270 days of the one-year period had elapsed.  The state application remained pending until March 16, 2005, during which time the one-year period was statutorily tolled pursuant to 28 U.S.C. § 2244(d)(2).  *See Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998); *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998).  Since Petitioner was granted an out-of-time PDR, statutory tolling of the one-year period continued until July 27, 2005, when the TCCA refused the out-of-time PDR.  *Salinas*, 354 F.3d at 430.

The one-year limitations period resumed running on July 28, 2005, and expired 95 days later on October 30, 2005.  Because that date fell on a Sunday, the one-year period elapsed on Monday October 31, 2005.  Petitioner's second art. 11.07 application, filed on November 2, 2006, more than one year after the expiration of the one-year period did not statutorily toll the limitations period.  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).  Therefore, the federal petition, deemed filed as of May 7, 2007, is clearly untimely absent equitable tolling.

The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)).  In *Lawrence v. Florida*, ___ U.S. ___, 127 S.Ct. 1079, 1085 (2007), the Supreme Court stated that to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.

This case does not present the type of extraordinary circumstances and due diligence

5

required for equitable tolling. As noted above, Petitioner delayed the filing of his first art. 11.07 application seeking an out-of-time PDR until 270 days after his conviction became final. Following the refusal of the out-of-time PDR, Petitioner then waited an additional 15 months before filing his second state application. These two separate lengthy delays demonstrate an absence of diligent pursuit of his rights which the Supreme Court has held to be a showing which a petitioner must make to be entitled to equitable tolling. As the Fifth Circuit has previously noted: "[E]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be DISMISSED with prejudice as barred by the one-year limitations period. *See* 28 U.S.C. § 2244(d).

The Clerk will transmit a copy of this recommendation to Petitioner's counsel.

Signed this 6th day of September, 2007.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir.

1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

**ATTACHMENTS**