IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SCOTT ALLEN CLEARY, ID #1139462**, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:07-CV-830-L** |
| | § | |
| **NATHANIEL QUARTERMAN, Director**, | § | |
| **Texas Department of Criminal Justice**, | § | |
| **Correctional Institutions Division**, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Petitioner's Motion for Relief From Judgment, filed January 31, 2008. After careful consideration of the motion, record, and applicable law, the court **denies** Petitioner's Motion for Relief From Judgment.

On October 16, 2007, the court dismissed with prejudice Petitioner's writ of habeas corpus because it was barred by the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 and Petitioner was not entitled to equitable tolling. On November 16, 2007, Petitioner filed a Notice of Appeal. On January 16, 2008, the Unites States Court of Appeals for the Fifth Circuit concluded that the notice was filed one day late and dismissed the appeal for lack of jurisdiction. On January 31, 2008, Petitioner filed this motion contending that the court erred in ruling on his petition and that he will be deprived of his right to appeal because counsel incorrectly calculated the appeal deadline. He requests that the court grant his motion, vacate its October 16, 2007 order and judgment, review his original petition and objections, and enter a new order.

Petitioner fails to state the provision of Rule 60 of the Federal Rules of Civil Procedure under which he seeks relief. The court therefore considers Petitioner's request for relief under Rule 60 (a)

**Memorandum Opinion and Order – Page 1**

and (b). "[A] Rule 60(b) appeal may not be used as a substitute for the ordinary process of appeal . . . particularly [ ] where, as here, a mistake of law is alleged to be the primary ground of the appeal." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) (internal citation and quotation omitted). Moreover, after an appeal is taken, the district court is generally divested of jurisdiction "until the case is remanded to it by the appellate court." *Travelers Ins. Co. v. Lilgeberg Enterp.*, 38 F.3d 1404, 1407-08 n.3 (5th Cir. 1994). Exceptions to this rule exist when the court takes action in aid of the appeal or corrects clerical errors under Rule 60(a). *Id.*

Because this case was not remanded to the district court, the court lacks jurisdiction to grant the relief that Petitioner seeks unless such relief falls within either of the two exceptions. Petitioner requests that the court grant his motion, vacate its October 16, 2007 order and judgment, review his original petition and objections, and enter a new order. This request is not in aid of the appeal because the appeal has been dismissed. Moreover, such action would merely circumvent the ruling already pronounced by the Unites States Court of Appeals for the Fifth Circuit. Similarly, Petitioner's request does not constitute a correction of a clerical error under Rule 60(a). *See In Re Galiardi*, 745 F.2d 335 (5th Cir. 1984) ("[E]rrors that affect substantial rights of parties are outside the scope of Rule 60(a)."). Although the court sympathizes with Petitioner's plight, there is simply no legal basis upon which it may grant the relief sought. Accordingly, the court **denies** Petitioner's Motion for Relief From Judgment.

**It is so ordered** this 13th day of March, 2009.

Sam A. Lindsay
United States District Judge